UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.D. ARMSTRONG,

    Plaintiff,                                  Case No. 1:12-cv-132

vs.                                          Spiegel, J.
                                              Bowman, M.J.

TIM BRUNSMAN, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff A.D. Armstrong, an inmate at Lebanon Correctional Institution (LeCI) who proceeds *pro se*, brings this action[1] against Warden Tim Brunsman, Deputy Warden Harris, Major Dunn, Captain Tabor, Lieutenant ("Lt."). Bell, Lt. Cane, Chaplain Binnet, Correction Officer ("C/O") Gantt, C/O Hink[ley], C/O Bobby Cooper, C/O Stevens, C/O Macabee, and Dan Hudson "in their individual capacit[ies]." (Docs. 16, 20). Plaintiff alleges that Defendants violated his First, Fifth, Eighth, Eleventh, and Fourteenth Amendment rights "[w]hen Defendants had no legitimate governmental interests to destroy Plaintiff's Holy Koran." (Doc. 20). Based upon preliminary review of the claims asserted as non-frivolous, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e) on April 5, 2012. (Docs. 9, 10).

This matter is now before the undersigned on Plaintiff's Motion to Dismiss Parties. (Doc. 19). Without explanation, Plaintiff has moved to dismiss Lt. Bell, Lt.

---

[1] Plaintiff previously filed another complaint in this district, which, although described as "difficult to decipher," was construed by the Court as alleging various defendants' failure to protect Plaintiff while incarcerated at LeCI. That complaint was dismissed as frivolous pursuant to 28 U.S.C. §1915(e), because it failed to state a claim under the Eighth Amendment. *See Armstrong v. Brunsman, et al.*, Case No. 1:10-cv-636 (Doc. 4, Order of 9/21/10).

-1-

Cane, and C/O Gantt. (*Id*.). Rule 41(a)(1)(A) provides a plaintiff with the opportunity to dismiss any defendant, so as long as the defendant has not yet appeared of record or filed an answer. *See Warfield v. AlliedSignal TBS Holdings, Inc*., 267 F.3d 538, 541 (6th Cir. 2001) (confirming that a plaintiff's "unilateral notice was the legally operative act of dismissal pursuant to Rule 41(a)(1)(i) . . ."). As of this date, none of the defendants have yet been served; therefore, none have filed an answer or appeared of record.

Accordingly, pursuant to Rule 41(a), IT IS RECOMMENDED THAT Plaintiff's motion to dismiss (Doc. 19) be **GRANTED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

A.D. ARMSTRONG,

    Plaintiff,

v.

TIM BRUNSMAN, Warden, et al.,

    Defendants.

Case No. 1:12-cv-132

Spiegel, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).