UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.D. ARMSTRONG,

       Plaintiff,                           Case No. 1:12-cv-132

      v.                                   Spiegel, J.
                                               Bowman, M.J.

TIM BRUNSMAN, et al.,

       Defendants.

**MEMORANDUM ORDER**

**I. Procedural Background**

Plaintiff A.D. Armstrong, an inmate at Lebanon Correctional Institution ("LeCi") and proceeding *pro se*, brings this action against multiple prison officials, alleging that they violated his First, Fifth, Eighth, Eleventh, and Fourteenth Amendment rights "[w]hen Defendants had no legitimate governmental interests to destroy Plaintiff's Holy Koran." (Doc. 20). Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on April 5, 2012. (Doc. 9). Summons forms were transmitted to the United States Marshal for service on July 11, 2012, (Doc. 28), although the record does not yet reflect the appearance of any Defendant.

As evidenced by the Report and Recommendation and Memorandum Order previously filed on July 10, 2012, the record reflects an active motion and pleading practice by this *pro se* Plaintiff. Plaintiff's motion practice continues unabated since the Court's last order. Two of the more recently filed motions have been addressed in a second Report and Recommendation filed this same day. This Memorandum Order

addresses the remaining non-dispositive motions, which are duplicative of motions previously filed by Plaintiff. All of Plaintiff's motions will be denied.

In addition to Plaintiff's motions, Defendants recently brought to this Court's attention the fact that Plaintiff appears to be statutorily barred from proceeding *in forma pauperis* at all in this case, due to the fact that he appears to have filed three prior civil cases that were all dismissed as frivolous, or for failure to state a claim. (*See* Doc. 36). If - as it appears from the exhibits attached to Defendants' recently filed motion - Plaintiff is indeed barred by 28 U.S.C. §1915(g) from proceeding *in forma pauperis* in this case, Plaintiff is not entitled to free service by the U.S. Marshal. On the other hand, if the Court determines that Plaintiff is entitled to continue proceeding *in forma pauperis*, the Court will direct the United States Marshal to complete service in this case to the extent necessary.

### II. Analysis

#### A. Motion for the Appointment of counsel (Doc. 30)

On July 16, 2012, notwithstanding the denial of a prior motion seeking the appointment of counsel, Plaintiff filed a second such motion. (Doc. 30). Plaintiff's circumstances have not changed; therefore, his Motion for the Appointment of Counsel will be denied for the reasons previously expressed. (*See* Doc. 27, holding that Plaintiff's case does not present the type of "exceptional circumstances" that would justify the rare appointment of free counsel for a *pro se* civil litigant).

#### B. Untitled Motion/ Motion for Clerk to Serve All Defendants (Docs. 33, 35)

Plaintiff also has filed a document entitled "Motion to the Court," and a "motion for Clerk to serve all Defendants." (Docs. 33, 35). Both motions concern service of

Plaintiff's complaint and will be denied.  On May 22, 2012, Plaintiff submitted the requisite summons and United States Marshal forms for all Defendants.[1]  The summons forms were issued pursuant to the direction of the Court on July 11, 2012.  (Doc. 27).

Plaintiff claims that none of the Defendants have actually been served with the summons and complaint.  (Doc. 33 at 2).  Therefore, Plaintiff has moved to serve all Defendants "Hand to Hand." (Doc. 33).  As best as this Court can determine, Plaintiff seeks the same or similar relief - service on the Defendants - in the motion filed on July 27, 2012.  (Doc. 35).  To the extent that Plaintiff is permitted to proceed *in forma pauperis*, he is entitled to free service of his complaint by the U.S. Marshal, as previously directed in the Court's last order.  *See* Fed. R. Civ. P. 4(c)(3); (Doc. 27). Thus, Plaintiff's motions may already be moot.

On the other hand, to the extent that service has not yet been completed, the Court will direct the Marshal to forbear further attempts at service on Plaintiff's behalf at this time.  Based upon the exhibits attached to Defendants' motion to revoke Plaintiff's *in forma pauperis* status, it appears that this Court improvidently granted Plaintiff's initial motion to proceed without prepayment of the $350.00 fee that is required to file a civil complaint in federal court.

### C. Filing of Duplicative Motions

Despite this Court's best efforts to educate this *pro se* Plaintiff on the course of proceedings and applicable civil rules, Plaintiff continues to inundate this Court with arguably frivolous motions, filed before any Defendant has made an appearance of

---

[1] Plaintiff filed this complaint on April 5, 2012, but initially failed to properly name all Defendants, or to complete a summons form and U.S. Marshal form for each Defendant.  The Court ordered Plaintiff to amend his complaint so that all Defendants were named, and to complete the requisite forms.  Plaintiff complied with the Court's order on May 22, 2012.

record.  Such motions, frankly, waste scarce judicial resources and do nothing to advance Plaintiff's case.  Plaintiff is advised, as he has been previously, to adhere to the Federal and Local Rules of Civil Procedure, and to restrain himself from filing duplicative motions that previously have been ruled upon by this Court.   While some legitimate reason to file an additional motion could exist, this Court cannot readily think of *any* reason for Plaintiff to file additional motions prior to the date that Defendants enter an appearance by filing an answer to his complaint.  At some point, if Plaintiff is unwilling or unable to restrain himself from filing duplicative and/or frivolous motions, the Court may preclude Plaintiff from doing so.

### D. Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status

On August 15, 2012, Defendants moved to revoke Plaintiff's *in forma pauperis* status under a provision of the Prison Litigation Reform Act.  Specifically, pursuant to 28 U.S.C. §1915(g), a prisoner who has previously filed three or more cases that have been dismissed as frivolous or for failure to state a claim are not permitted to proceed without immediate payment of the full filing fee, "unless the prisoner is under imminent danger of serious physical injury."  This "three strike" provision was enacted as one of several amendments in the Prison Litigation Reform Act to prevent prisoners from repeatedly filing frivolous litigation. Defendants now assert, and court records appear to confirm, that Plaintiff has had at least two cases and one appeal previously dismissed as frivolous and/or for failure to state a claim.

### III. Conclusion and Order

For the reasons stated herein, **IT IS ORDERED THAT**:

1. Plaintiff's motion to appoint counsel (Doc. 30), and Plaintiff's duplicative motions to serve Defendants (Docs. 33, 35) all be **DENIED AS MOOT;**

2. To the extent that service on all of the Defendants has not yet been perfected, the U.S. Marshal shall forbear any further attempts to perfect service, pending a final determination of Plaintiff's ability to proceed *in forma pauperis*;

3. In light of Defendants' strong showing that Plaintiff's motion to proceed *in forma pauperis* in this case was improvidently granted under 28 U.S.C. §1915(g), based upon Plaintiff's prior "three strikes," **Plaintiff shall SHOW CAUSE BY SEPTEMBER 7, 2012 why his *in forma pauperis* status should not be IMMEDIATELY revoked.** If Plaintiff cannot show cause why he should be permitted to proceed *in forma pauperis*, or in lieu of showing cause, he will be permitted to proceed only if he pays the full filing fee of $350.00, less the $3.60 previously collected by this Court.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge