UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.D. ARMSTRONG,

    Plaintiff,

v.

TIM BRUNSMAN, et al.,

    Defendants.

Case No. 1:12-cv-132

Spiegel, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Procedural Background

Plaintiff A.D. Armstrong, an inmate at Lebanon Correctional Institution ("LeCi") and proceeding *pro se*, brings this action against Warden Tim Brunsman, Deputy Warden Harris, Major Dunn, Captain Tabor, Chaplain Binnet, Correction Officer ("C/O") Hink[ley], C/O Bobby Cooper, C/O Stevens, C/O Macabee, and Dan Hudson "in their individual capacit[ies]."[1] (Doc. 16, 20). Plaintiff alleges that Defendants have violated his First, Fifth, Eighth, Eleventh, and Fourteenth Amendment rights "[w]hen Defendants had no legitimate governmental interests to destroy Plaintiff's Holy Koran." (Doc. 20). Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on April 5, 2012. (Doc. 9). Summons forms were transmitted to the United States

---

[1] Plaintiff has moved to dismiss three additional defendants (Bell, Cane, and Gantt); a Report and Recommendation recommending the dismissal of those defendants remains pending before the presiding district judge.

Marshal for service on July 11, 2012. (Doc. 28). However, Defendants have not yet answered the Complaint.[2]

Without belaboring the point, the record reflects a very active motion and pleading practice by this *pro se* Plaintiff. The number of documents prematurely filed by Plaintiff prior to service on any Defendant, as well as the improper form of many of the documents, led this Court to expressly caution Plaintiff, in its Memorandum Order of July 10, 2012, that: "(1) it is generally inappropriate to file any document of record that is not a pleading or motion; (2) the Court will ignore future miscellaneous documents not properly identified and filed as 'Notices' by the Clerk of Court; and (3) Plaintiff's *pro se* status does not excuse him from complying with all applicable Federal and Local Rules of Civil Procedure." (Doc. 27).

Plaintiff's motion practice has not abated since the Court's last order. On the same date as the Court's order, Plaintiff filed an untitled motion, construed herein as a motion to amend his complaint. (Doc. 26). Plaintiff also has filed a motion to amend/correct his amended complaint to dismiss Defendants, and has filed a second amended complaint. (Docs. 31, 32). Plaintiff additionally has filed several non-dispositive motions addressed by separate order, as well as a "Notice of Appeal" concerning the undersigned's last Order.[3]

## II. Analysis

### A. Construed Motion to Amend (Doc. 26)

---

[2]On August 15, 2012, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status on the basis that Plaintiff's motion to proceed without prepayment of fees was improvidently granted. Based upon the records attached to Defendants' motion, Plaintiff has been directed by separate order to show cause why his *in forma pauperis* status should not be immediately revoked. If Plaintiff's *in forma pauperis* status is revoked, he will be required to immediately pay the full filing fee or face dismissal of this lawsuit.

[3]The Notice of Appeal was recently construed and re-docketed as Objections under Fed. R. Civ. P. 72(a). (Doc. 34). Such objections will be addressed by the presiding district judge.

The untitled "motion" filed by Plaintiff on July 10, 2012 is hereby construed as a motion to amend his Complaint. In his motion, Plaintiff alleges that employees at LeCi refused to treat a minor burn on his finger that resulted when Plaintiff pulled a cord from an electrical outlet in his cell. (Doc. 26 at 2). Plaintiff alleges that on July 6, 2012, his cell "all most cout on fier the plug the wiering falty and I wint to plug op my celly fane and the plug stortted sporking spitting flams, And I wint to unplug it And Bernt my finger, the finger befor you git to the pinky finger . . ." (*Id.*, spelling and grammatical errors uncorrected). Plaintiff continues by stating that correctional officers called the infirmary for assistance to treat Plaintiff's finger. (*Id*). Plaintiff states that the nurse told the officers that "if [Plaintiff's finger] was Not Busted open they woud not see [him] . . ." *(Id)*. Plaintiff claims that his finger was blistered and puffy. As a result of this incident, Plaintiff alleges that his Eighth Amendment rights were violated. After the incident, Plaintiff was moved to another cell. (*Id*). Plaintiff has not alleged that he filed any grievance concerning this incident, and given the time frame alleged, it would be virtually impossible for Plaintiff to have already completed the three-step administrative grievance procedure available to Ohio inmates.

Plaintiff's construed motion to amend his complaint (Doc. 26) will be denied. "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)(citing *Ford v. Ford*, 371 U.S. 187 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) Motion to Dismiss.*" Rose v. Hartford Underwriters Ins. Co.*,

203 F.3d 417, 420 (6th Cir. 2000)(citing *Thiokol Corp. v. Dept. Of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

On the facts alleged, it is clear that Plaintiff has not yet exhausted his administrative remedies for this claim. The Prison Litigation Reform Act (PLRA) provides that "No action shall be brought with respect to prison conditions... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Plaintiff's construed motion to amend should be denied in part because it would not withstand a motion to dismiss for failure to exhaust administrative remedies.

The construed motion to amend to include a claim for "negligent" treatment of Plaintiff's burn blister also will be denied because, even if Plaintiff had exhausted his administrative remedies, the allegations fail to state a cognizable claim for relief under the Eighth Amendment. Under the Eighth Amendment, an inmate must prove both an objective and subjective component to show that there has been "deliberate indifference" to his "serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). "[D]eliberate indifference to *serious medical needs* of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Id*. (emphasis added, citation omitted). Plaintiff alleges only "negligent" behavior by prison staff, which does not rise to the level of deliberate indifference cognizable under the Eighth Amendment.

To establish a violation of the Eighth Amendment, Plaintiff must show first that the nurse's actions resulted in the denial of Plaintiff's "minimal civilized measure of life's necessities." *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff's finger was burned while using an

electrical socket. (Doc. 26 at 2). According to Plaintiff himself, the injury resulted in a closed blister on one finger. (*Id*.). The medical attention necessary for this injury did not objectively rise to the level of a "minimal civilized measure of life's necessities." In addition, Plaintiff cannot prove the subjective component of his claim. He alleges that the nurse explained that if Plaintiff's blister was not an open wound, she did not need to see him immediately. (Doc. 26 at 2). The nurse asked the officers to assess the situation by determining the severity of Plaintiff's injury; the nurse did not have a culpable state of mind because she did not deliberately deny Plaintiff medical care to cause him harm or to put his safety at risk. *See Estelle*, 429 U.S. at 105-06. Instead, the nurse followed assessment standards to determine if Plaintiff's finger needed immediate medical attention. (Doc. 26 at 2). Therefore, she did not disregard a substantial risk to Plaintiff's health. *Accord Ingram v. Management Training Corp.*, 2009 WL 455308 at *5 (N.D. Ohio Feb. 20, 2009)(blisters on feet did not require immediate medical attention).

Because Plaintiff failed to show he exhausted all administrative remedies and because his Eighth Amendment claim would not withstand a Motion to Dismiss under Rule 12, Plaintiff's construed Motion to Amend should be denied.

**B. Motion to Amend/Correct Amended Complaint to Dismiss Defendants**

Plaintiff's Motion to Amend/Correct Amended Complaint to Dismiss Defendants will be denied because it is duplicative and moot. Plaintiff filed a Motion to Dismiss three Defendants (Cane, Bell and Gantt) on May 22, 2012. (Doc. 19). The undersigned recommended granting Plaintiff's Motion by Report and Recommendation filed July 10,

2012. (*See* Doc. 25). Plaintiff has moved to dismiss the same parties in the Motion filed July 16, 2012. (Doc. 31).

## III. Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** Plaintiff's construed motion to amend his complaint (Doc. 26), as well as his motion to amend/correct his complaint to dismiss Defendants (Doc. 31) both be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

A.D. ARMSTRONG,                                                  Case No. 1:12-cv-132

      Plaintiff,                                                      Spiegel, J.
                                                                       Bowman, M.J.

   v.

TIM BRUNSMAN, Warden, et al.,

      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).