UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.D. ARMSTRONG,

    Plaintiff,

v.

TIM BRUNSMAN, et al.,

    Defendants.

Case No. 1:12-cv-132

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff A.D. Armstrong, an inmate at Lebanon Correctional Institution ("LeCi") and proceeding *pro se*, brings this action against multiple prison officials, alleging that they violated his First, Fifth, Eighth, Eleventh, and Fourteenth Amendment rights "[w]hen Defendants had no legitimate governmental interests to destroy Plaintiff's Holy Koran." (Doc. 20). Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on April 5, 2012. (Doc. 9). Summons forms were transmitted to the United States Marshal for service on July 11, 2012, (Doc. 28), although no Defendant has yet answered the complaint.

In lieu of immediately answering the complaint, on August 15, 2012, counsel appeared on behalf of multiple individual defendants and moved to revoke Plaintiff's *in forma pauperis* status under the Prison Litigation Reform Act. Pursuant to 28 U.S.C. §1915(g), a prisoner who has previously filed three or more cases that have been dismissed as frivolous or for failure to state a claim are not permitted to proceed without

immediate payment of the full filing fee, "unless the prisoner is under imminent danger of serious physical injury." This "three strike" provision was enacted as one of several amendments in the Prison Litigation Reform Act to prevent prisoners from repeatedly filing frivolous litigation. Defendants asserted in their motion that Plaintiff has had at least two cases and one appeal previously dismissed as frivolous and/or for failure to state a claim. In light of the information presented by Defendants, the Court's last Order stated that "it appears that this Court improvidently granted Plaintiff's initial motion to proceed without prepayment of the $350.00 fee that is required to file a civil complaint in federal court." (Doc. 38 at 3). Therefore, the Court directed Plaintiff to "show cause" why his in forma pauperis status should not be revoked:

> In light of Defendants' strong showing that Plaintiff's motion to proceed *in forma pauperis* in this case was improvidently granted under 28 U.S.C. §1915(g), based upon Plaintiff's prior "three strikes," **Plaintiff shall SHOW CAUSE BY SEPTEMBER 7, 2012 why his *in forma pauperis* status should not be IMMEDIATELY revoked.** If Plaintiff cannot show cause why he should be permitted to proceed *in forma pauperis*, or in lieu of showing cause, he will be permitted to proceed only if he pays the full filing fee of $350.00, less the $3.60 previously collected by this Court.

(Doc. 38 at 5). In response to Defendants' motion and the Court's Order, Plaintiff filed an unsworn Affidavit of Verification (Doc. 42), as well as a Supplemental Response (Doc. 50), both of which advocate against revocation of *in forma pauperis* status. Defendants have filed a reply memorandum in support of their motion to revoke (Doc. 49), as well as a response to the construed Supplemental Response (Doc. 51).[1]

---

[1] Although construed and docketed by this Court as a Supplemental Response, Plaintiff captioned that document as a "show cause motion why his in forma pauperis status should not be dismissed." Defendants filed a response to this "motion" solely for the purpose of addressing a new argument presented by Plaintiff, relating to the "imminent danger" exception.

-2-

**II. Analysis**

The form provided to prisoners seeking to file a new complaint without prepayment of the requisite filing fee specifically asks whether the would-be Plaintiff has, "on three or more occasions...brought an action in a court of the United States that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?" In his application to proceed in forma pauperis in this case, Plaintiff answered "Yes." In the follow-up inquiry asking him to list the prior dismissals, however, Plaintiff simply responded "not sure." (Doc. 1 at 3).

In their motion seeking revocation of *in forma pauperis* status, Defendants provide information, verified by the records of this Court, that Plaintiff, while incarcerated and while proceeding *in forma pauperis*, has had the following lawsuits dismissed as frivolous, malicious, or for failure to state a claim:

1. *Armstrong v. Warden, Lebanon Correctional Institution, et al.*, Case No. 1:06-cv-610. Order of dismissal, filed September 27, 2006, for failure to state a claim for relief under 42 U.S.C. §1983, and certifying that an appeal would not be taken in good faith.

2. *Armstrong v. Warden, Lebanon Correctional Institution, et al.*, Case No. 1:10-cv-636. Order of dismissal with prejudice, filed September 21, 2010, for failure to state a claim for relief under 42 U.S.C. §1983, and certifying that an appeal would not be taken in good faith.

3. *Armstrong v. Tim Brunsman, Warden*, Appellate Case No. 10-4197. Order by Sixth Circuit Court of Appeals filed April 6, 2011, affirming dismissal of Case No. 1:10-

cv-636 and holding that "the district court did not err in dismissing Armstrong's claims" upon initial screening, for failure to state a claim.

Plaintiff sought to proceed *in forma pauperis* on further appeal of the latter case to the United States Supreme Court, but his petition for certiorari was denied. In addition to the above referenced lawsuits and appeal, Plaintiff has proceeded *in forma pauperis* in two additional cases in the United States District Court for the Southern District of Ohio, both of which were dismissed without prejudice for failure to exhaust administrative remedies. *See, e.g., Armstrong v. MaClan*, Case No. 2:00-cv-390; *Armstrong v. Vore*, Case No. 3:05-cv-190.

Although the complaints that were dismissed for failure to exhaust do not constitute "strikes" against Plaintiff under 28 U.S.C. §1915(g), the two lawsuits that were dismissed on initial screening for failure to state a claim, and the unsuccessful appeal of one of those dismissals, each constitute separate "strikes." Because the two referenced complaints and unsuccessful appeal add up to three strikes, Plaintiff is barred under §1915(g) from continuing to proceed in this litigation *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury" at the time the complaint is filed. No such "imminent danger" is either alleged or apparent on the face of the complaint filed in this case. Therefore, Plaintiff's *in forma pauperis* status should be revoked, and this case should be dismissed absent immediate payment of the full $350.00 filing fee.

In his unsworn Affidavit and Supplemental Response/Motion, Plaintiff makes several arguments against revocation of his *in forma pauperis* status. None of the arguments have any discernable merit, and therefore they are discussed only briefly.

Plaintiff suggests that this Court should not revoke his *in forma pauperis* status because it was previously granted, but courts "have long been authorized to revoke a prisoner's ability to proceed *in forma pauperis* upon determining that the litigant was taking unfair advantage of IFP procedures." *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Plaintiff denies having filed three actions that would count as "strikes," but both his own application to proceed *in forma pauperis* in this case and court records refute this argument. To the extent that Plaintiff may assume that only an initial complaint counts as a "strike," he is mistaken, as the clear language of the statute provides that an appeal filed *in forma pauperis* and dismissed/ affirmed for failure to state a claim counts as a separate "strike." *See* 28 U.S.C. §1915(g)(referring to any "action or appeal"). With respect to one of his dismissed cases, Armstrong denies that he has been to Chicago, but Case No. 2:00-cv-390 reflects only that the archival case file was moved to Chicago for storage, not that Plaintiff himself was ever in that city. Plaintiff provides no evidence to rebut the fact that he filed the case in question.[2] Plaintiff suggests that because he proceeds *pro se*, this Court should not hold him to the "three strikes" standard. However, 28 U.S.C. §1915(g) was enacted specifically to apply to *pro se* prisoner litigants.

Last, in his Supplemental Response/Show Cause Motion, Plaintiff makes a cursory argument that he is at risk of future injury, such that he is entitled to proceed under the "imminent danger" exception to 28 U.S.C. §1915(g). As stated, the face of the complaint at issue does not present any evidence of "imminent danger." Rather,

---

[2] Indeed, not only in his initial application to proceed in forma pauperis, but in response to Defendants' motion to revoke that status, Plaintiff appears to concede that he filed "two law complaints in the Federal Court and did appeal one of these case[s] to [the] Sixth Circuit Court of Appeal." (Doc. 50 at 2).

Plaintiff alleges in his Amended Complaint that Defendants violated his First, Fifth, Eighth, Eleventh, and Fourteenth Amendment rights "[w]hen Defendants had no legitimate governmental interests to destroy Plaintiff's Holy Koran." (Doc. 20).

In a "Notice" filed on September 11, 2012, Plaintiff sent to this Court what he alleges to be his copy of a Quran with several loose or damaged pages enclosed.[3] The "Notice" alleges that staff at the prison are trying to "cover up" the facts underlying his complaint, and that this Court, through its rulings, is placing Plaintiff "at risk from the staff." (Doc. 52). Neither Plaintiff's general allegations nor his cursory references to being under threat or "at risk," demonstrate a threat of real and proximate injury, sufficient to justify application of the "imminent danger" exception and permit Plaintiff to continuing proceeding *in forma pauperis* in this case. *Accord Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008)(general assertion that prisoner faced danger in past insufficient to invoke exception, as are conclusory claims of prospective imminent danger)*; Wilson v. Fifty Second Dist. Court,* 49 Fed. Appx. 610, 611 (6th Cir. 2002)(exception did not apply where prisoner invoked "imminent danger" exception but did not elaborate). Plaintiff's failure to allege that he was in imminent danger on the date his complaint was filed also dooms his belated assertion that the exception applies to this case. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (6th Cir. 2002)(holding that §1915(g) applies only to the extent that the prisoner faces "imminent danger of serious physical injury" at the time the complaint is filed).

### III. Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED THAT:**

---

[3] At the bottom of his Notice, Plaintiff asks the Court to "Pleas sind it Back to me!" [spelling errors original]. The Court ordinarily holds documents filed of record during the pendency of the litigation. To the extent Plaintiff wishes his Quran returned to him more immediately, he should so notify this Court.

1.  Defendant's motion to revoke Plaintiff's *in forma pauperis* status and compel immediate payment of the full filing fee (Doc. 36) should be **GRANTED**;

2. Because Plaintiff has paid a total of $3.60 in partial filing fees to date in this case, Plaintiff should be permitted to proceed if he immediately makes payment of $346.40, within fourteen (14) days of the adoption of this Report and Recommendation;

3.  If Plaintiff does not make immediate payment of the remainder of the full filing fee by the date specified by the presiding district judge (assuming adoption of this R&R), then he is forewarned that his case is likely to be dismissed for failure to prosecute.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.D. ARMSTRONG,    Case No. 1:12-cv-132

   Plaintiff,    Spiegel, J.
   Bowman, M.J.

   v.

TIM BRUNSMAN, Warden, et al.,

   Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).