UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A.D. ARMSTRONG,  :
 : NO. 1:12-CV-00132
    Plaintiff,  :
 :
 :
  v.  : **ORDER**
 :
 :
TIM BRUNSMAN, et al.,  :
 :
    Defendants.  :

This matter is before the Court on the September 18, 2012 Magistrate Judge's Report and Recommendation, in which she recommends that Defendants' motion to revoke Plaintiff's in forma pauperis status be granted (doc. 55).

In Defendants' motion, they note that Plaintiff has had at least two cases and one appeal previously dismissed as frivolous and/or for failure to state a claim (doc. 36).

As the Magistrate Judge observes in her Report and Recommendation, the Prison Litigation Reform Act provides that a prisoner who has previously filed three or more cases that have been dismissed as frivolous or for failure to state a claim is not permitted to proceed under in forma pauperis status "unless the prisoner is under imminent danger of serious physical injury" (doc. 55, citing 28 U.S.C. §1915(g)).  She notes that

Plaintiff has indeed filed at least two cases that were dismissed for failure to state a claim and has had at least one unsuccessful appeal and she further notes that Plaintiff did not allege any risk of imminent danger in his complaint.

In response to the Magistrate Judge's Report and Recommendation, Plaintiff claims that he is in danger, saying that "[j]ust recently, an officer had another inmate assault me, because of this pending law complaint in this case" (doc. 60). Unfortunately for Plaintiff, this allegation is too little, too late to allow Plaintiff to qualify for the imminent danger exception to the three-strikes rule. First, this claim is too vague to allow the Court to find that he is under imminent danger of serious injury. Second, it is too late: the imminent danger exception refers to imminent danger of serious physical harm at the time the complaint is filed. See Malik v. McGinnis, 293 F.3d 559, 562-3 (6th Cir. 2002). Nothing in the complaint could be read to support a determination that Plaintiff was in imminent physical danger at the time it was filed, and Plaintiff himself stated in his response that the alleged incident with the other inmate happened "just recently" and was in response to the lawsuit. Thus, even accepting as true that a guard was involved in an attack on Plaintiff, Plaintiff nonetheless failed to satisfy the burden of showing that he faced that imminent

danger at the time he filed his complaint. If it is true that he has been attacked as a result of filing this suit, that information should be brought to the institution's attention and it should be promptly investigated. But it does not overcome the three-strikes rule of the PLRA, and Plaintiff's in forma pauperis status must be revoked.

Pursuant to 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 55) in its entirety. Consequently, Defendant's motion to revoke Plaintiff's in forma pauperis status and compel immediate payment of the full filing fee is GRANTED (doc. 36). Plaintiff has paid a total of $3.60 in partial filing fees to date. Therefore, Plaintiff may only proceed with this case if he pays $346.40 within fourteen (14) days of the filing of this Order. Failure to make that payment in that timeframe is likely to result in Plaintiff's case being dismissed for failure to prosecute.

SO ORDERED.

Dated: December 6, 2012       s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge